IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD M. YONEMOTO | ) | CV. NO. 06-00378 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | ATTORNEYS' FEES AND COSTS |
| DEPARTMENT OF VETERANS AFFAIRS | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff Ronald M. Yonemoto's Motion for Attorneys' Fees and Costs (Doc. # 88.) After careful consideration of the motion, the supporting and opposing memoranda, the attached documentation, and the arguments of counsel, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for fees and costs. Specifically, the Court finds that Plaintiff is entitled to $152,181.06 in attorneys' fees and costs.

BACKGROUND

The procedural history of this case, summarized as follows, is taken from the Ninth Circuit's most recent opinion. (Doc. # 85.) Plaintiff Ronald M.

Yonemoto is an employee of the Veterans Health Administration, which is a component of the Department of Veterans Affairs ("the VA"). Between 2005 and 2006, Plaintiff submitted eights requests under the Freedom of Information Act ("FOIA"). In response, the VA produced numerous records, but withheld some records in part and redacted others.

On July 11, 2006, Plaintiff filed suit alleging violations of FOIA and the Privacy Act. The parties and the Court agreed to a "test case" of five disputed emails, and the Court granted the VA's motion for summary judgment. (Doc. # 26.) Thereafter, Yonemoto was granted permission to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) in August 2007. Shortly before oral argument, the VA produced the emails at issue to Yonemoto in response to a discovery request in a related Equal Opportunity Commission ("EEOC") case concerning whether the VA discriminated against Yonemoto. The Ninth Circuit issued a memorandum opinion holding that Plaintiff's appeal was moot, and remanding the matter to this Court to determine whether Plaintiff's entire claim was moot. (Doc. # 35.)

On remand, the parties narrowed their dispute to 205 emails. With respect to 190 of those emails, the VA allowed Yonemoto to view them in his capacity as a VA employee. Yonemoto withdrew his request for 33 of those emails, and rejected the VA's offer to allow him to view 157 emails (the "157

emails") only in his capacity as an employee.

The parties filed cross-motions for summary judgment. At issue were the redacted portions of the 157 emails which Yonemoto had viewed in full, and 15 emails that the VA had redacted, but Yonemoto had not seen in full. Three of the 15 disputed emails were duplicates, which left 12 emails that Yonemoto had not seen in full.

On December 22, 2009, this Court issued an order granting the VA's motion for summary judgment and denying Yonemoto's motion for summary judgment (Doc. # 64), concluding that: 1) the VA's offer to produce the 157 emails to Yonemoto in his capacity as an employee mooted his claim to those emails; 2) the redacted portions of the 12 remaining emails were properly withheld under Exemptions 2, 5, and 6 of FOIA; and 3) Yonemoto could not obtain those emails under the Privacy Act.

Yonemoto appealed, and the Ninth Circuit reversed this Court's summary judgment order. Yonemoto v. Dep't of Veterans Affairs, __ F.3d __, 2012 WL 130339 (9th Cir. Jan. 18, 2012); (Doc. # 85). The Ninth Circuit: 1) held that the VA's offer of the 157 emails to Yonemoto did not moot his claim to those emails because the VA's offer was subject to restrictions; 2) affirmed the withholding of some portions of the 12 disputed emails because they were

protected by Exemption 6 of FOIA; and 3) vacated this Court's order regarding the remaining emails because the record lacked a sufficient basis to evaluate the claimed exemption to disclosure under FOIA. <u>Yonemoto</u>, Slip. Op. at 366-87.

On remand, the VA produced the 157 emails and provided Yonemoto with a Vaughn index for the remaining disputed emails. (<u>See</u> Doc. # 84.) The Court allowed Yonemoto to file a motion to compel regarding the remaining undisclosed emails by January 17, 2012. (<u>Id.</u>) Yonemoto did not file a motion to compel, and instead filed the instant motion for attorneys' fees under 5 U.S.C. § 552(a)(4)(E).[1]

## DISCUSSION

FOIA provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails if the complainant has obtained relief through "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II). In assessing a motion for attorneys' fees under FOIA, the Court must determine: 1)

---

[1] At the hearing on the instant motion, the parties agreed that there are no outstanding substantive FOIA issues to be resolved by this Court.

4

whether the plaintiff substantially prevailed in the action; and 2) if so, whether the movant is entitled to attorneys' fees. Church of Scientology of California v. U.S. Postal Service, 700 F.2d 486, 489 (9th Cir. 1983). If the Court finds that fees are warranted, the Court must also assess the reasonableness of the request for attorneys' fees. See American Small Business League v. U.S. Small Business Admin., Civ. No. 08-00829 MHP, 2009 WL 1011632, at *4 (N.D. Cal. Apr. 15, 2009). As discussed below, the Court concludes that: 1) Plaintiff is eligible for fees with respect to hours resulting in the production of the 157 emails and the unredacted portions of the remaining 12 emails; 2) Plaintiff is entitled to fees for producing those emails; and 3) Plaintiff's request for fees is reduced to $134,512.89.

I.  Plaintiff Is Eligible For an Award of Attorneys' Fees Regarding All Documents Produced After the First Appeal.

Defendant asserts that Plaintiff is not eligible for attorneys' fees for the documents produced in the EEOC proceedings. (Mem. in Op. at 9.) The Court agrees, and concludes that Plaintiff is only entitled to attorneys' fees for litigation that occurred after the first appeal to the Ninth Circuit.

Plaintiff is not entitled to fees with respect to the documents produced in response to the EEOC discovery process. FOIA allows plaintiffs to recover fees if they have "substantially prevailed," which occurs when the plaintiff obtains

relief through either a judicial order or a "voluntary or unilateral change in position by the agency . . . ." 5 U.S.C. § 552(a)(4)(E). This Court did not order the VA to produce the EEOC emails, and the VA did not "voluntarily" change its position with respect to those emails. Thus, the Plaintiffs have not prevailed with respect to the emails produced in the EEOC litigation.

With respect to the remaining emails, Plaintiff has substantially prevailed. The remaining emails were produced voluntarily by the VA prior to the Ninth Circuit's August 17, 2011 opinion, or in response to that opinion. In order for a plaintiff to have substantially prevailed in a FOIA case, the Ninth Circuit has held that the "plaintiff must show that: (1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information." Church of Scientology, 700 F.2d at 489. There is no indication from the record that Plaintiff could have obtained the requested documents without filing the instant action. Furthermore, this lawsuit directly caused the VA to disclose the remaining documents to Plaintiff. Thus, the Court concludes that Plaintiff has substantially prevailed with respect to the documents produced outside of the EEOC process.

II. Plaintiff Is Entitled To Attorneys' Fees.

"The decision to award attorney's fees is left to the sound discretion of the trial court." Church of Scientology, 700 F.2d at 492. In determining whether Plaintiff is entitled to attorneys' fees, the Ninth Circuit has considered "(1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law." Id. The previous four factors are not an exhaustive list, and the Court "may take into account 'whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate.'" Id. (quoting Exner v. F.B.I., 443 F. Supp. 1349, 1351-52 (S.D. Cal. 1978)). The Court must also consider the Senate Judiciary Committee's Report on the Freedom of Information Act in conjunction with the existing body of law on the award of attorney's fees.[2] Id.

---

[2] The Committee suggested that the courts should apply the four criteria as follows:

Under the first criterion a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefitting the general public, but it would not award fees if a business was using the FOIA to obtain data relating to a competitor or as a substitute for discovery in private litigation with the government.
Under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group versus [sic] but would not if it was a large corporate interest (or a representative of such an interest). For the purposes of applying this criterion, news interests should not be considered commercial interests.

When evaluating the above factors, the Court does not consider the information produced as a result of the EEOC proceedings, because Plaintiff is not eligible for fees based on the production of those documents. Specifically, the Court has considered only the 157 emails and the remaining emails produced as a result of the Ninth's Circuit's August 17, 2011 opinion. (Mem. in Op. at Exs. A, B, & C). After weighing the relevant factors, the Court concludes that Plaintiff is entitled to attorneys' fees because the action benefitted the public and the VA's basis for withholding the documents was not entirely reasonable.

A. The Documents Produced Benefitted the Public.

Under the public benefit factor, Courts "take into account the degree of dissemination and the likely public impact that might result from disclosure." Church of Scientology of California, 700 F.2d at 493. "A public benefit may result even though the specific document sought is for plaintiff's sole use." Id. Additionally, a "ruling which establishes that the government may not withhold

---

> Under the third criterion a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented, but would not do so if his interest was of a frivolous or purely commercial nature.
> Finally, under the fourth criterion a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester.

Church of Scientology, 700 F.2d at 492 n.6 (quoting S. Rep. No. 93-854, 93rd Cong. 2nd Sess. 19 (1974)).

8

certain information pursuant to a particular FOIA exemption, in our view, benefits the public." Id. at 493. "While obtaining a favorable legal ruling, standing alone, does not establish the public benefit criterion, the district court may take into consideration the fact that the plaintiff has so prevailed when determining entitlement to attorney's fees." Id.

Plaintiff's FOIA action benefitted the public because it shed light on how the VA interacts with personnel. Although Plaintiff is not eligible for fees for the derogatory documents produced in the EEOC litigation, he has revealed information regarding the working environment of the VA through the comments of its supervisory employees. Some of the emails produced by this litigation negatively discuss Plaintiff's "agenda," involve rumors about the next department head, and include negative remarks about other departments of the VA. The information produced by Plaintiff benefits the public by revealing the VA's sometimes tenuous working environment.

Furthermore, the FOIA litigation that took place bolsters this Court's opinion regarding the case's public benefit. It is in the public interest to ensure that an agency treats its employees fairly and appropriately, which includes the duty to produce relevant documents under FOIA. The VA withheld emails under the triviality exception to FOIA, but later disclosed those emails voluntarily when

it became apparent it would have to create a Vaughn index to justify its nondisclosure. The Court concludes that there was some public benefit from this action by bringing the VA into compliance with FOIA. See Church of Scientology, 700 F.2d at 493.

Finally, the Ninth Circuit has recognized a strong public interest in some of the other emails produced by Plaintiff. For instance, with respect to one of the emails produced, the Ninth Circuit concluded that "there is a strong public interest in the primary substance of this email: how much the Honolulu VA has to pay to relocate employees it hires from other locales (presumably, the mainland), and the possible effects of those incentives on hiring decisions." Yonemoto, Slip. Op. at 385-86. Taken together, Plaintiff's action has resulted in a public benefit by shedding light on the VA's treatment of its personnel, forcing the VA to comply with FOIA, and uncovering other emails bearing on problems with the agency's operations.

    B.    <u>Commercial Benefit to Plaintiff and Plaintiff's Interest In the Litigation</u>

The second factor, the commercial benefit to the Plaintiff, and the third factor, the nature of the plaintiff's interest in the litigation, relate to whether the plaintiff requested the information for a private benefit or whether the public benefitted from the release of the requested information. Church of Scientology,

700 F.2d at 494. These factors are often construed together. Id. Under the second factor, a "court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group . . . but would not if it was a large corporate interest (or a representative of such an interest)." Id. at 492 n.6 (quoting S.Rep. No. 93-854, 93rd Cong. 2nd Sess. 19 (1974)). Under the third factor, "a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented, but would not do so if his interest was of a frivolous or purely commercial nature." Id.

Plaintiff has a personal and commercial interest in the litigation because he filed employment discrimination claims against the VA, and requested documents under FOIA that were produced in the EEOC proceedings. Although Plaintiff has a personal and commercial interest, the Court concludes that these factors are outweighed by the public benefit of the action and the VA's failure to disclose the disputed documents earlier.

C. Reasonable Basis to Withhold

The final factor is "whether the government's withholding had a reasonable basis in law . . . ." Church of Scientology, 700 F.2d at 494. Under this factor, courts assess whether the government's withholding had "a colorable basis in law" or "appeared to be merely to avoid embarrassment or to frustrate the

11

requester." Id. at 492 n.6 (quoting S.Rep. No. 93-854, 93rd Cong. 2nd Sess. 19 (1974)). The "reasonable-basis-in-law factor is intended to weed out those cases in which the government was 'recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" Tax Analysts v. U.S. Dept. of Justice, 965 F.2d 1092, 1097 (D.C. Cir. 1992) (quoting Cuneo v. Rumsfeld, 553 F.2d 1360, 1366 (D.C. Cir. 1977)).

The Court concludes that this factor weighs in favor of awarding attorneys' fees, because the VA's failure to disclose the 157 emails prior to Plaintiff's appeal was not completely reasonable. This Court held that the VA was not required to disclose the 157 emails on the ground of mootness. Thus, the VA's legal position appeared reasonable to the Court at the time. However, the Ninth Circuit disagreed with the Court's analysis, and remanded for an evaluation of the VA's claimed exemptions. Rather than produce a Vaughn index, the VA disclosed the documents. Looking at the totality of the circumstances and the VA's actions on remand, the Court concludes that it would have been prudent for the VA to disclose the 157 emails prior to the appeal. Although the Court does not find that the VA acted in bad faith, the Court concludes that the VA's initial refusal to disclose the 157 emails to Yonemoto was not entirely reasonable.

    D.    Conclusion Regarding Entitlement To Attorneys' Fees

After weighing the above factors, the Court concludes that the public benefit in ensuring an agency treats its employees fairly and complies with FOIA was enhanced by this action. Additionally, the VA's withholding of the 157 emails was not entirely reasonable. The Court concludes that those factors outweigh Plaintiff's personal and pecuniary interest in the action. Therefore, Plaintiff is entitled to attorneys' fees and costs.

III. The Court Finds That Plaintiff Is Entitled To $152,181.06 In Attorneys' Fees and Costs.

To determine whether a fee award is reasonable, the Court must scrutinize the reasonableness of "(a) the number of hours expended and (b) the hourly fee claimed." Long v. I.R.S., 932 F.2d 1309, 1313-14 (9th Cir. 1991). If those two figures are reasonable, then "there is a 'strong presumption' that their product, the lodestar figure, represents a reasonable award." Id. "The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary."[3] Id.

---

[3] The Ninth Circuit has adopted the following factors to guide the Court's evaluation of a fee award:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed

The VA asserts that: 1) Plaintiff should not be able to recover for time spent on the test case; 2) Plaintiff's counsel spent an excessive number of hours reviewing his EEOC files; 3) Plaintiff's counsel spent an excessive amount of time reviewing each other's files and communicating with one another; 4) Plaintiff cannot recover for "two Spring 2009 filings;" 5) Plaintiff's counsel spent an excessive amount of time researching FOIA; and 6) the rates charged by Plaintiff's counsel are excessive. (Mem. in Op. at 19-22.) As discussed below, the Court reduces the hourly rates and the number of hours billed based on the first three grounds.

First, Plaintiff has prevailed only with respect to the litigation that occurred after the first appeal. Therefore, the Court declines to award attorneys' fees for any litigation prior to the Ninth Circuit's December 8, 2008 opinion. (Doc. # 35.) The record reveals that approximately half of Clayton Ikei and Jerry Chang's hours occurred prior to the Ninth Circuit's opinion. (See Mem. in Supp.

---

or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

of Mot., Clayton Ikei, Ex. B.) Eric Schmidt, a paralegal, performed all of his work prior to the first appeal. Because Plaintiff did not prevail prior to the first appeal, the Court deducts half of Clayton Ikei and Jerry Chang's hours, and does not award any fees for Eric Schmidt.

Second, the VA asserts that Plaintiff counsel's 106.5 hours spent (97.4 Chang, 3.1 Smith, and 6.0 Esser) reviewing Plaintiff's EEOC files is excessive. (Mem. in Op. at 20.) Based on the spreadsheets provided by Plaintiff, the Court determines that Jerry Chang spent 45.2 hours reviewing the EEOC files after the first appeal. The Court concludes that 45.2 hours is an excessive amount of time to review the EEOC files, and therefore reduces this figure by half. The time spent reviewing EEOC files by Elbridge Smith and Peter Esser is reasonable.

Third, the VA asserts that Plaintiff's counsel spent 59.9 hours reviewing each other's files and communicating with each other, and that the amount of time spent on those tasks should be reduced by seventy-five percent. (Mem. in Op. at 21.) The Court concludes that the number of lawyers representing Plaintiff led to an excessive amount of time spent reviewing files and communicating with one another. Based on the declarations attached to the fees motion and the VA's memorandum in opposition, the Court finds that Plaintiff's counsel spent the following time reviewing each other's files and communicating

15

with one another: Eric Seitz 5.8 hours; Elbridge Smith 22 hours; and Peter Van Name Esser 15.7. The Court deems it appropriate to deduct half of this time.

Fourth, the VA asserts that Plaintiff seeks to recover 43.6 hours spent on two spring 2009 filings "in which plaintiff failed to heed the court's direction to specifically identify which emails were still in dispute." (Mem. in Op. at 21.) The Court declines to reduce Plaintiff's award of attorneys' fees on this ground, because Plaintiff did not spend an excessive amount of time on the filings and the Court has not specifically found either filing frivolous.

Fifth, the VA asserts that Plaintiff counsel's 127.7 hours spent researching FOIA was excessive. (Id. at 21-22.) The Court agrees, and in its discretion reduces this amount by thirty percent.

Finally, the VA asserts that the hourly rates of all counsel should be reduced to $280 per hour. (Mem. in Op. at 19.) In evaluating hourly rates, "the court must consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation." Mendez v. County of San Bernardino, 540 F.3d 1109, 1129-30 (9th Cir. 2008). After reviewing the prevailing rates in this community, the Court finds that the hourly rates requested by counsel are excessive, and reduces them to the following rates: Eric Seitz - $300; Elbridge Smith - $300; Marcelle Arakaki (paralegal) - $85;

Clayton Ikei - $300; Jerry Chang - $200. The Court also concludes that the requested rates of Anthony Quan ($175) and Peter Van Name Esser ($300) are reasonable.

Based on the foregoing, the Court calculates the lodestar as follows:

| Attorney | Reasonable Hours | * Reasonable Rate = | Lodestar |
|---|---|---|---|
| Eric Seitz | 19.2 | $300 | $5760 |
| Elbridge Smith | 33.8 | $300 | $10,140 |
| Marcelle Arakaki | 10.05 | $85 | $854.25 |
| Anthony Quan | 10 | $175 | $1,750 |
| Clayton Ikei | 30.87 | $300 | $9,261 |
| Jerry Chang | 215.75 | $200 | $43,150 |
| Peter Esser | 194.25 | $300 | $58,275 |

Based on the calculations above, the Court concludes that Plaintiff is entitled to $129,190.25 in reasonable attorneys' fees and $5322.64 in general excise tax (4.712%). The lodestar is presumptively reasonable, and the Court declines to adjust this figure. Thus, Plaintiff's total fee award is $134,512.89.

With respect to costs, Plaintiff asserts he is entitled to $9509.76 in search and duplication costs under 5 U.S.C. § 552(a)(4)(A). The VA asserts that

Plaintiff is not entitled to costs under 5 U.S.C. § 552(a)(4)(A) based on its previous arguments. (Mem. in Op. at 22.) Based on the analysis above, the Court concludes that Plaintiff is entitled to his search and duplication costs. The declarations attached to Plaintiff's fees motion also establish that Plaintiff is seeking a total of $8,158.41 in litigation costs. The Court also awards these costs to Plaintiff; therefore, Plaintiff is entitled to $17,668.17 in total costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion, and awards Plaintiff $152,181.06 in attorneys' fees and costs. The Court directs the Clerk of Court to close the case.

DATED: Honolulu, Hawaii, June 1, 2012.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 1, 2012

Yonemoto v. Dept. of Veteran Affairs; Civ. No. 06-00378 BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS